

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-6505
Re: Accountable and unaccount-
able fees in tax suits.

We acknowledge receipt of your request for an opin-
ion on the above matter, said request reading as follows:

"Some years ago the County Attorney of
this county filed numerous tax suits. Judg-
ments were taken in a number of these cases,
but no execution was ordered or issued. Now
the taxes are being paid requiring that these
judgments be satisfied before the property can
be released from this lien. The question is
whether or not the County Attorney performing
these duties in preparing and filing the suits
and taking the judgments thereof, the tax was
never collected, and having been out of office
for over ten years is entitled to receive these
fees that he would have received had the money
been paid in to him during his term of office
or the period not to exceed two years from the
expiration of his term. Question No. Two is
since the District Clerk and other county
officials of Jefferson County have been taken
off of the fee system and paid an annual salary,
may these fees be now claimed by office holders
who have continued in office since such time and
be applied on their fees if they failed to make
the maximum of any particular year in which the
suit was filed and judgment taken, or may these
fees be considered as an unaccountable fee and

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Shelby K. Long, page 2

taken by the office holder as such, irrespective
of the fact that he might have made his maximum
during any particular year for which he claims
the fee was earned. Prior to 1923 these facts
were accountable and were taken into considera-
tion to be used in making the maximum allowed by
statute. Subsequent to 1923 these fees were de-
clared unaccountable fees (Citing Ellis County v.
Thompson, 66 S. W. 48; Article 3894, R. C. S.
1925; McKinsey v. Hill County, 263 S. W. 1073;
Dallas County v. Bolton, 158 S. W. 1152; Article
3892, R. C. S. 1925; Curtis v. Harris County, 242
S. W. 444; Eastland County v. Hazel, 288 S. W. 518;
Nichols v. Galveston County, 228 S. W. 547). I have
reached the conclusion from the authorities and others
cited herein that the fee is not earned until the whole
procedure of collecting the tax has been carried out,
resulting in the final payment of the tax. If this
be true, the officials, both in and out of office,
would have no claim to any fee that would have been
earned had judgment been taken, execution ordered,
sale made, property sold, taxes collected at the
time when the officers were on a fee basis. How-
ever, I have not been able to find a case directly
in point with the question that we have in this
county, that involves the interpretation of stat-
utes. I would like your opinion as to what, if
anything, these officials are entitled to receive."

You do not state when the County Attorney referred to
by you and who performed the services in the tax suits men-
tioned was in office other than that he had been out of office
over ten years; therefore, we are limiting this opinion to the
period of time between January 1, 1931, the effective date of
Acts 1930, 41st Leg., 4th C. S., p 30, ch. 20, Sec. 9, amend-
ing Art. 7332, Vernon's Annotated Civil Statutes, and the date
said County Attorney went out of office, which we are assuming
was after January 1, 1931.

As so amended, said Art. 7332 contained the following
provisions relative to the fees of the County Attorney inquired
about by you, viz:

    ". . . .

    ". . . .The attorney who institutes a suit
and has prosecuted the same to judgment in the
district court shall receive all fees allowed

Honorable Shelby K. Long,   page 3

under this Article even though he has been suc-
ceeded in office by another attorney; provided,
in case the judgment is appealed, then, and in
that event, the attorney who secured the judg-
ment shall be entitled to an equal division with
his successor in office of the fees allowed there-
in, and the same shall be paid to him whenever
collected, regardless of the time when collected,
but said fees shall be subject to the provisions
of this Chapter and the Fee Bill pertaining to
the maximum amount allowed." (Emphasis ours). . .

Sec. 10 of Acts 1930, 41st Leg., above referred to,
contained the following provisions:

". . . .

". . . . Officers named in Articles 3883 and
3883-A in counties having a population of twenty-
five thousand or less as well as in all other
counties shall make the report and keep the state-
ment required in Articles 3896 and 3897, and shall
be subject to the limitations and requirements of
the Fee Bill." (Emphasis ours)

Art. 7332 of V. A. C. S. was amended by Acts 1931, 42nd
Leg., p 428, Ch. 258, Sec. 1, and Acts 1931, 42nd Leg., 2nd C. S.,
p 31, ch. 16, but the provision that all of the fees provided
for the officers therein named, which are the officers referred
to by you in your opinion request, shall be treated as fees of
office and accounted for as such was retained in each of said
amendments. Therefore, all of the fees referred to herein are
subject to the Maximum Fee Bill and are required to be accounted
for as fees of office.

Art. 3892 of said statutes is in part as follows:

"Any officer mentioned in this Chapter who does
not collect the maximum amount of his fees for any
fiscal year and who reports delinquent fees for that
year, shall be entitled to retain, when collected,
such part of such delinquent fees as is sufficient
to complete the maximum compensation authorized by
Articles 3883, 3883-A, and 3886 for the year in
which such delinquent fees were charged, and also
retain the amount of excess fees authorized by law,
and the remainder of the delinquent fees for that

Honorable Shelby K. Long,   page 4

fiscal year shall be paid as herein provided for
when collected; provided, the provisions of this
Article shall not apply to any officer after one
year from the date he ceases to hold the office
to which any delinquent fee is due, and in the
event the officer earning the fees that are delin-
quent has not collected the same within twelve
months after he ceases to hold the office, the
amount of fees collected shall be paid into the
county treasury. . . ."

Art. 3891 of said statutes, as amended by Acts 1930,
4th C. S., p 30, ch. 20, was in part as follows:

". . . . All fees collected by officers
named in Articles 3883, 3883-A and 3886, during
any fiscal year in excess of maximum amount al-
lowed by law, and of the amounts of excess fees
allowed by this Article for their services, and
for services of their deputies, or their assis-
tants as herein provided for, shall be paid into
the county treasury of the county where the ex-
cess accrued, . . ."

Art. 3891 was amended by the 42nd Leg., p 870, ch. 368,
and by the 43rd Leg., p 734, ch. 220, but no material change
was made in the above quoted provision. Therefore, during all
of the time covered by this opinion, the requirement of Art.
3891 was that the excess fees not used in payment of salaries,
etc., as authorized by law, should be paid into the county
treasury.

Art. 3897 of the Rev. Civ. Stat. of 1925 provided that
the officers named in Art. 3883 of said statutes should make
sworn statements at the close of each fiscal year to the dis-
trict courts of the counties in which they resided, showing
the amount of fees collected by them during the fiscal year
and the amount of fees charged and not collected, and by whom
due. This statute was also amended by the 41st Leg., 4th C. S.,
p 30, ch. 20, and said officers were not required by said amend-
ment to show the amount of fees charged and not collected, or
by whom due. This statute was not again changed until after
the time the county attorney referred to by you had gone out
of office. However, it is our opinion that the fact that the
county attorney in question was not required to file a report
of delinquent fees charged and not collected makes no difference

Honorable Shelby K. Long,   page 5

here, for had he filed the report authorized by Art. 3892, the fees here in question were not collected within one year from the date he ceased to hold said office so as to authorize him to use same in making up his maximum. In any event, if said fees were not reported as delinquent fees, he could have no claim thereto.

In view of the foregoing statutes, it is our opinion that the fees taxed as costs in favor of the county attorney in the tax suits referred to should be paid into the county treasury, since said county attorney has been out of office more than one year before said fees were collected.

In the case of Cameron County vs. Fox et al, 61 S. W. (2d) 483, the Commission of Appeals was passing in part upon an act passed by the Legislature in 1897 (Art. 7691, Rev. St. 1911) which provided as follows:

"The collector of taxes, for preparing the delinquent list and separating the property previously sold to the state from that reported to be sold as delinquent for the preceding year, and certifying the same to the commissioners' court shall be entitled to a fee of one dollar for each correct assessment of the land to be sold, said fee to be taxed as costs against the delinquent. . . ."

In passing upon when such fee to the tax collector was earned, the Court held as follows:

". . . .The fee was earned when the services prescribed in article 7691 (R. S. 1911) were performed. The fee became due at that time, and was chargeable against the delinquent, although the enforcement of collection depended upon contingencies incident to the enforced collection of the delinquent taxes involved. . . ."

As to the district clerk and other county officials of Jefferson County, which other county officials would be the county clerk and sheriff or constable named in Art. 7332 of V. A. C. S., it is our opinion the fees due them would be governed by the rules hereinabove laid down. If the fees charged for said officers, or any of them, were reported as delinquent for the year

Honorable Shelby K. Long,   page 6

in which the services were performed and said officers are still
in their respective offices, or had not ceased to hold such of-
fices more than one year prior to the collection of said fees,
and such fees, or any part thereof, are needed to complete the
maximum compensation authorized by law for the year in which
they were charged, they are entitled to retain such part of
such delinquent fees as is sufficient to complete such maxi-
mum compensation, as well as the excess fees authorized by
law.  The remainder, if any, of such delinquent fees shall be
paid into the county treasury.

　　　　We trust that this satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:LJ

